**INTERSYNCO SUISSE, S.A.,**
Plaintiff-Appellee,

v.

**AMTRACO SUPPLY COMPANY, INC.,**
Defendant-Appellant.

No. 2, Docket 77–7404.

United States Court of Appeals,
Second Circuit.

Argued Sept. 11, 1978.

Decided Jan. 9, 1979.

---

Gary Mailman, New York City (Robinson, Perlman, Kirschner & Leffler, P. C., New York City), for defendant-appellant.

Asa Rountree, New York City (Debevoise, Plimpton, Lyons & Gates, New York City, James A. Reaves, New York City, of counsel), for plaintiff-appellee.

Before SMITH, FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM:

This is an appeal from a jury finding of liability on a contract and an award of damages in the amount of $362,674 plus interest, in the United States District Court for the Southern District of New York, Lloyd F. MacMahon, *Judge*. Finding no reversible error, we affirm.

Amtraco agreed to sell and Intersynco agreed to buy 4,400,000 pounds of high-density polyethylene ("HDPE") at 46.1 cents per pound. After making delivery of and getting paid for 210,000 pounds of HDPE, Amtraco informed Intersynco that it would' not be able to supply the remainder according to the sales agreement. As a result, Intersynco was unable to fulfill a resale contract it had with a third company.

The jury found that a contract existed between the two parties, and that Amtraco was liable for breaching the contract. The matter of damages was referred to a Special Master, whose recommendations were affirmed and adopted by Judge MacMahon.

Appellant Amtraco raises numerous objections to the proceedings below. We have considered these objections, and find that the only valid questions relate to the existence of a contract and to the amount of damages. Because we find substantial support for both the jury verdict and the Special Master's report, we affirm both.

■ Appellant challenges the evidence relating to formation of a contract. On this record, however, the jury could have found the existence of a contract on several theories. First, the telexes and other communications surrounding the signing of the original "Sales Contract" by both parties could have been viewed as offer and acceptance by the jury. Second, the jury could have based its finding on the failure of Intersynco to object to any part of the contract in light of the clause which provided that the terms of the agreement would be deemed acceptable absent written notification to the contrary. Finally, under the New York Uniform Commercial Code § 2–204, a contract may be formed in "any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." The jury could have found a contract based on such conduct, particularly the delivery of and payment for the 210,000 pounds of HDPE.

Since there was sufficient evidence to support the jury verdict of liability, it will not be overturned. *Lavender v. Kurn*, 327 U.S. 645, 653, 66 S.Ct. 740, 90 L.Ed. 616 (1946); *Collins v. Penn Central Transportation Co.*, 497 F.2d 1296, 1297 (2d Cir. 1974).

■ We also affirm Judge MacMahon's findings accepting the Special Master's report on damages. Both parties concede that HDPE was in scarce supply at the time of the sales agreement. Thus, "market price" of the goods was difficult to establish. The Special Master's findings took into account the fluctuating nature of the market at that time, and the expert testi-

mony on price offered by both sides. The Master's report which set the market price at 58.2 cents per pound, and the total damages at $362,674 plus interest, then, was not "clearly erroneous," and was properly accepted by Judge MacMahon. Fed.R.Civ.P. 53(e)(2).

Judgment affirmed.

MANSFIELD, Circuit Judge (concurring):

I concur in the result.